Williams, J.
The application for the change of venue was made in this case under section 5033, of the Revised Statutes, which provides that: “When a corporation having more than fifty stockholders is a party in an- action pending in anjr county in which the corporation keeps its principal office, or transacts its principal business, if the opposite party make affidavit that he cannot, as he believes, have a fair and impartial trial in that county, and his application is sustained by the several affidavits of five credible persons residing in such county, the court shall change the venue to the ad jacent county most convenient for both parties.” By the preceding section general provision is made for change *267 of venue in all cases, “when it appears to the court that a fair and impartial trial cannot be had in any county where the suit is pending. ’ ’
It is urged at the outset that section 5033, is in violation of both the state and federal constitutions, because, it is said, it applies an exceptional rule for the change of venue in actions against corporations within its descriptive terms, different from that applicable to parties in other actions, and one not equally applicable to both parties in the same action, and thus denies such corporation the equal benefit and protection of the law, aud remedy by due course of law. We are unable to adopt that view. It has never been regarded as essential to the validity of remedial procedure that it should be applicable in all of its provisions to all persons or parties, alike. Different situations and conditions often render appropriate and necessary different provisions, the necessity or propriety of whieli rests largely in the legislative discretion. And, as corporations exist, and hold, or exercise their powers and franchises only under favor of the state, they are subject to all reasonable regulations which the legislative body may deem it proper to prescribe, from time to time, with respect to the places where they may sue and be sued, and changes in the place of trial, though these regulations be different from those applicable to individuals, or different for different classes of corporations, or for different conditions of corporations of the same class. Distinctions of this nature have not been infrequent since the adoption of the present constitution. Generally, actions against individuals must be brought in the county where the defendant resides or may be personally served with process; and generally, actions against cor *268 porations are required to be brought in the county in which the corporation is situate, or has its principal office or place of business, or an office or agent; while insurance companies may be sued in any county where the cause of action or any part of it arose, a mining’ corporation in any county in which it owns or operates a mine, and a railroad company in any county into which the road runs. Of a like nature are regulations for changes of venue. They are designed to secure to parties a fair and impartial trial of their causes, which is the ultimate and highest purpose of judicial proceedings ; and the extent to which such regulations may go, for the accomplishment of that purpose, is addressed toa sound legislative discretion, in view of the nature of the case to be provided for, and the probable conditions likely to arise.
In the enactment of this statute, the legislature, no doubt, was impressed with the belief that corporations with many stockholders and emploj^es, might possess such widespread local influence where their business is carried on, that it would operate to the prejudice of the opposite party in a trial in that locality; and it is but a natural inference from the absence of a provision for a change of venue on the application of the corporation where the opposite party is not a corporation of the same kind, that such provision was deemed unnecessary, since, in that case, a change would not be desired by the corporation, as it would be to its interest to have the trial in the county where its influence prevailed. Where, however, both parties to, the action are corporations of the kind referred to in the statute, either is entitled to a change of venue upon complying with its provisions, so that, the statute operates uniformly upon all parties in the *269 same situation. In neither case, however, is any party deprived of the equal protection of the law, for each is assured of a fair trial, with equal opportunities to establish and enforce his rights; nor is the remedy by due course of law denied, because in the forum, to which the cause is removed, the trial is conducted in the same way, under the same mode of procedure, as in that from which it was changed, with all’ remedial rights of the parties unimpaired. The only complaint is that the trial will be attended with some inconvenience and additional expense; but in that respect both parties are equally affected, and must necessarily be so in any change of venue for any cause; and the objection is, we think, insufficient to annul a statute, otherwise unobjectionable, which, in the legislative estimation, was demanded in order to secure the impartial administration of justice. The principle of this statute is closely analogous to that of congressional legislation relating to the removal of causes from state to federal courts by which, in a suit between a citizen of a state in which it is brought and a citizen of another state, the latter only is authorized to have the cause removed to a federal court. The right is not given to the former, as remarked in Dillon on the Removal of Causes, page 14, “because it was not supposed that he would have any grounds to object that he was sued in the courts of his own state.” The validity of such legislation is well established.
This statute imposes no penalty or burden upon one suitor or class of suitors from which others similarly situated are exempt, as did the statute held invalid in Coal Co. v. Rosser, 53 Ohio St., 12; nor does it affect any right of property of some owners differently from others in the same sitúa *270 tion, as did the act declared unconstitutional in State v. Ferris, Ibid, 314. In the first of those cases the act was held invalid because it exacted an attorney fee from a class of defendants to which parties in no other class of actions were subject; and in the other case the law failed because it laid a burden in the nature of a tax, unequally upon property. The principle of those eases does not apply here.
In giving construction to the statute, it is claimed in support of the judgments below, that to make a case for a change of vénue, the affidavit of the party who makes the application, and those of thefive persons filed to sustain it, must each contain a statement of the facts on which the affiant founds his belief that a fair trial Gannot be had in the county, in order that the court may determine whether satisfactory grounds of such belief are shown; and, that, in passing upon that question, as well as upon the credibility of the affiants, the court is clothed with a discretionary power to grant or refuse the application. That construction, it is obvious, would add materially to the statute, for it contains no requirement that the affiants shall show grounds for their belief that are satisfactory to' the court, nor state any grounds therefor. It is the existence of their belief when stated in the affidavits,. and not the existence of reasonable grounds for the belief, that fixes the right of the party to a change of venue in eases mentioned in the statute. It is, therefore, sufficient for the applicant to state in his affidavit that he. “cannot, as he believes, have a fair and impartial trial” in the county; and, the application is “sustained” within the purview of the statute, when there is also filed the affidavits *271 of five credible persons residents of the county who state therein that they each entertain the same belief. When this is done, it is made the imperative duty of the court where the action is pending to ‘‘change the venue to the adjoining county most convenient for both parties.5 ’ There is no discretion, in this respect, lodged with the court; and the statute was purposely made so, for otherwise its effect would practically be the same as the preceding section, and it would avail nothing. If an attack be made upon the character of the affiants truth, the court must determine whether they are credible persons,and unless found to be so, the application may be denied. But in the absence of such attack, their credibility is presumed, and testimony in their support is neither required nor admissible. So, the application should not be granted unless the action be one that is within the' terms of the statute, that is, an action in which “a corporation having more than fifty stockholders is a party,” and is pending in the county where “the corporation keeps its principal office or place of business.” The statement of these facts in the affidavits is open to controversy, and when put in issue the burden is on the party making the application to establish them. But the statement of the affiants’ belief is not issuable. The affidavits filed in support of the plaintiff’s application were in due form, and sufficient in substance; and being uncontroverted, the plaintiff was entitled, of right, to have the venue changed to an adjoining county.
It remains to inquire whether, as contended in behalf of the defendant, the plaintiff’s right to prosecute error to the circuit court was barred or waived. This contention is based upon the claim *272 that the order overruling the application was a final order in a special proceeding from which error should have been prosecuted within the statutory period after the order was made. That period had elapsed; but the proceeding in error was commenced within the required time after final judgment was rendered in the case. It seems clear the order was not one made in a special proceeding. The application was made in a pending civil action, and was one authorized to be made in such an action. It was a step taken in that action preliminary to its trial, and one which, to be of any avail, it was necessary should be taken before the trial. It was proper to save an exception, as was done, to the overruling of the application, and take a bill of exceptions to properly preserve the question thus raised, upon the record. The order, nevertheless, was but an interlocutory one in the progress of the case, which could not be made the foundation of an independent proceeding in error, but was properly reviewable on error prosecuted to the final judgment. And, for this reason, the plaintiff did not waive the error in the overruling of his application, by thereafter submitting to the trial of the action without objection. There was nothing else to be done except to dismiss the action; for until final judgment he could not have the error corrected, or be restored to his right to have his "change of venue.
With respect to the position advanced in argument that the plaintiff’s right was barred by a previous denial of a similar application to which no exceptions were preserved, it is enough to say, the record is insufficient to present the question. It does not appear upon what grounds the former application was made, or denied, nor whether it *273 was made under this statute or the preceding section. Nor, was any objection made to the second application, or its consideration by the court. From the fact that the court entertained this application, considered and acted upon it without objection of any kind, it may safely be presumed that it was made upon different grounds, and, that there were sufficient reasons why the court should allow it to be filed, and pass upon it, and give the plaintiff opportunity to save the question by bill of exceptions.
Judgment of the circuit court, and of the court of common pleas reversed, and cause remanded to the common pleas with directions to grant the change of venue.